UNITED STATES of America,
Appellee,

v.

Cesar MUNOZ, Defendant–Appellant.

No. 05–0730–CR.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Toni M. Mele, Assistant United States Attorney (Emily Berger), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (on submission), for Appellee, of counsel.

Lorenzo J. Palomares, Hato Rey, P.R. (on submission), for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges. and Hon. CHRISTOPHER F. DRONEY,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Cesar Munoz appeals his conviction, after a jury trial, for

---

* The Honorable Christopher F. Droney, United States District Judge for the District of Connecticut, sitting by designation.

aiding and abetting money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i), and for money laundering conspiracy, 18 U.S.C. § 1956(h). Munoz also appeals his sentence of 97 months' imprisonment and three years' supervised release. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Munoz argues that the evidence presented at trial was insufficient for the jury to find two of the required elements of the money laundering offense. Although he concedes that he was engaged in illegal activity, Munoz argues that there was insufficient evidence (a) that the source of the money involved was narcotics trafficking, and (b) that he was aware that the money represented the proceeds of an unlawful activity. Munoz argues that the evidence lends greater or equal support to a theory that he only knew he was attempting illegally to send money out of the country without reporting it.

Although we review *de novo* a sufficiency of the evidence challenge, a defendant seeking to reverse a conviction on insufficiency grounds bears the "heavy burden" of showing that, viewing the evidence presented at trial in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Xiao Qin Zhou,* 428 F.3d 361, 369–70 (2d Cir.2005). Substantially for the reasons given by the district court in its order denying Munoz's Rule 29(c) and Rule 33 motions, *United States v. Munoz,* No. 04–cr–473, (E.D.N.Y. filed Dec. 30, 2004), we find that Munoz cannot meet this burden.

Munoz also argues that the evidence as to his knowledge that the money represented the proceeds of drug trafficking was insufficient for the district judge to have applied a six-level sentencing enhancement pursuant to U.S.S.G. § 2S1.1(b)(1)(B). At sentencing, the district judge made an independent finding that Munoz knew or believed that the laundered funds were the proceeds of illegal narcotics trafficking. We "maintain a clear error standard of review for appellate challenges to judicial fact-finding at sentencing." *United States v. Garcia,* 413 F.3d 201, 222 (2d Cir.2005). Upon review of the record below, we cannot conclude that the district judge's findings of fact were clearly erroneous.

We have considered all of Munoz's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.